FILED
2022 Jul-18  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERNWESTERN DIVISION

FILED

2022 JUL 15  A 10: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TERESA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NUMBER |
| vs. | ) | CV-2022 |
| | ) | JURY DEMAND |
| | ) | 3:22-CV-879-HNJ |
| NORTH AMERICAN LIGHTING, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## I.    INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991", 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII"), that provide for relief against discrimination in employment on the basis of sex and retaliation.  Ms. Collins seeks compensatory and punitive damages pursuant to 42 U.S.C. §2000e *et seq.* and the Seventh Amendment of the Constitution of the United States.  This action is also for injunctive relief, back-pay, and other damages and liquidated damages for violations The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (hereinafter

"ADEA") which provide for relief against discrimination in employment on the basis of age discrimination and retaliation. Specifically, Plaintiff alleges that the Defendant discriminated and retaliated against her based upon her sex and age in the terms and conditions of her employment and denied her promotional opportunities. The Plaintiff seeks compensatory, punitive damages and liquidated damages and requests a jury trial pursuant to 42 U.S.C. §1981a.

## II.    JURISDICTION AND VENUE

2.    The unlawful employment practices alleged hereinbelow are and/or were committed by Defendant within Colbert County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.    Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. §2000e-5; and 42 U.S.C. §§12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981a and the "Civil Rights Act of 1866," as amended by §101 of the "Civil Rights Act of 1991," and The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

4.    Jurisdiction over this action is also conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

5.    Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

2

6.    The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## III.    PARTIES

7.    Plaintiff, Teresa Collins, is a female citizen of the United States and a resident of the State of Alabama.  Ms. Collins is also 56 years old.

8.    At all times relevant to this lawsuit, Plaintiff was employed by Defendant at its Colbert County, Alabama location in Muscle Shoals, Alabama.

9.    Defendant, North American Lighting, Inc., the Defendant is an employer within the meaning of Title VII and the ADEA.  At all times relevant to this action, Defendant has employed at least twenty (20) or more employees within the meaning of the ADEA, 29 U.S.C. §630(b) and at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. §2000e(b).

10.    Defendant, North American Lighting, Inc., is an employer located and doing business within this District and Division.

11.    At all times relevant, Plaintiff was an employee of Defendant within the meaning of Title VII and the ADEA.

## IV.    ADMINISTRATIVE EXHAUSTION

12.    Plaintiff has satisfied all conditions precedent to the filing of this legal actions as required by Title VII and the ADEA.

13.    On or about May 12, 2021, Plaintiff timely filed a charge of

discrimination with the Equal Employment Opportunities Commission against Defendant (420-2021-01832).

14.    Plaintiff subsequently received a Right-To-Sue Notice from the EEOC and timely filed this complaint within ninety (90) days of the receipt of said Notice, which was dated April 18, 2022.

## V.    STATEMENT OF FACTS AND CLAIMS

15.    Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above with the same force and effect as if fully set out in specific detail hereinbelow.

16.    Plaintiff began her employment with Defendant in March of 2017.

17.    Plaintiff started in the assembly department as an operator. Then she worked in the processing department as an operator and performed the duties of a material handler. Then she went to the shipping department as a material handler.

18.    In May 2021, Plaintiff was working as a material handler in the molding department.

19.    On or about November 13, 2020, Plaintiff interviewed for a team leader position in the shipping department, which was the department she had been working in for about two years.  Plaintiff was qualified for this position.  Plaintiff was interviewed by Department Supervisor, Darla Quinn. During Plaintiff's interview, Ms. Quinn told Plaintiff that she was afraid that with her being a woman, the men may not take her seriously and would take advantage of her because she was a

woman. Plaintiff informed Ms. Quinn that none of the men had a problem with working with her and she did not feel that would be an issue. Plaintiff was the only female on that shift.

20.    On or about November 20, 2020, Plaintiff was informed that Ms. Quinn had gone outside the company and hired a male in his late 20's or 30's for this team leader position. Plaintiff is also aware that Ms. Quinn offered the position to several males who turned the position down.

21.    Plaintiff was not offered the Team Leader Position in the Shipping Department in November 2020. Plaintiff was more qualified, or as qualified, for this position as the males who were offered the same and the one ultimately hired for it.

22.    Plaintiff is aware that in the shipping department all the Team Leader positions are/were occupied by men.

23.    In approximately late November 2020, Plaintiff went to Amy Brackin, Supervisor, to discuss the discriminatory comments regarding hiring her into the team leader position that were said to her by Ms. Quinn, and the supervisor suggested that Plaintiff speak with Ms. Quinn about it, and she would set it up.

24.    Plaintiff received a text message from Ms. Quinn asking Plaintiff to come into to work an hour early. When Plaintiff got to work, Ms. Quinn and Plaintiff went to the HR department to speak with HR representative Troy Van Fleet.

25.    During this meeting with HR Representative Troy Van Fleet and Ms.

5

Quinn, Plaintiff explained what was said to her and that she felt she was being discriminated against and denied promotions due to her gender, female. When Mr. Van Fleet asked Ms. Quinn about the comments, she denied making them.

26.    Despite Plaintiff's complaints of discrimination, no action was taken to correct the same.

27.    During this meeting with HR Representative Troy Van Fleet, Plaintiff also informed him of her previous interview for a supervisor's job in the processing department (interview was in late October or early November).  Mr. Van Fleet informed Plaintiff that that she had not been selected for that job as Defendant had hired a male from outside the company to fill the vacancy.

28.    On approximately, December 1, 2020, Plaintiff interviewed for a lateral position (material handler) in another department - molding department. Plaintiff transferred to that position effective January 3, 2021.

29.    In approximately December 2020, Plaintiff interviewed for a team leader position in the assembly department. Plaintiff was qualified for the position. Plaintiff was not selected, but instead a less qualified male in his 20's, who had not opposed discrimination, was placed in the position.

30.    In approximately March 2021, Plaintiff applied for a team leader position in the molding department for the second shift.  Plaintiff was qualified for the position.  Again, Plaintiff was not selected. This job position was given to a less

qualified female in her 20's, who had not opposed discrimination. Plaintiff is aware that another employee named Gina (who is over 40), who at the time was already a team leader on the third shift, also interviewed for the position and did not receive it, even though she was fully qualified also.

31.    In approximately March 2021, Plaintiff interviewed for the supervisor training program.    Plaintiff was qualified for this supervisor training program. Plaintiff is aware Defendant interviewed approximately fifteen people for this program and were going to select three people.    Plaintiff was not selected as one of the three people.    Plaintiff is aware of two of the candidates selected for this training program - a male in his 30's (Aaron LNU) and a male in is 20's (name not known). None of the employees selected for the supervisor training program had previously opposed discrimination in the workplace.

32.    Plaintiff is aware that almost all of the new supervisors and/or team leader positions have been given to individuals who are under 40 years of age, and who have not opposed discrimination.

33.    After Plaintiff went to HR in December 2020, no action was taken, and Plaintiff continued to be discriminated and retaliated against and denied advancement opportunities by Defendant.

34.    The discriminatory and retaliatory treatment of Plaintiff was ongoing and of a continuous nature.    The discrimination and retaliation continued after

Plaintiff filled her EEOC Charge, and Plaintiff was denied promotions.

35.    After the EEOC started conducting its investigation of her Charge of Discrimination, Plaintiff interviewed for a promotion with Martha (LNU), in Assembly in Plant 3. Plaintiff was qualified for this position. During this interview, Marth (LNU) informed Plaintiff that she would like for Plaintiff to receive the job. Plaintiff did not receive the job. This job position was given to a less qualified individual, who had not opposed discrimination.

36.    After the EEOC started conducting its investigation of her Charge of Discrimination, Plaintiff also interviewed for a promotion in the Molding Department. Plaintiff was qualified for this position. During this interview, the Supervisor with whom she interviewed informed her that he felt like she would be a good fit for the team lead job and that she should receive the job. Plaintiff did not receive the position. The interviewing supervisor told Plaintiff that he had submitted her for the position but H.R. would not let them select her for the position, and this position was not permanently filled. This job duties for this team leader's position were given to less qualified operators to perform the duties, and these operators had not opposed discrimination.

37.    Plaintiff continued to apply for other promotional positions, but she did not receive the positions, and in some cases, she did not even receive an interview. Plaintiff received an interview for a promotion in Assembly and Plant 1, and she was

not given interviews for positions in Quality. Plaintiff was qualified for these positions, and the positions were given to individuals who had not opposed discrimination.

38.    On or about October 15, 2021, Plaintiff was forced to resign her employment to accept employment with another employer due to the continued discrimination and retaliation against her in the denials of promotions, and also in order to mitigate her loss of advancement in positions and income due to the continuing denials if these promotions.

39.    Plaintiff believes that she was treated differently in the terms and conditions of her employment in retaliation for her actions of opposing discrimination. This retaliation was ongoing and continuous.

40.    On information and belief, Plaintiff was treated differently than similarly situated younger employees regarding not being selected for supervisor and team leader positions, as well as supervisor training programs, and other terms and conditions of employment due to her age in violation of the Age Discrimination in Employment Act (ADEA).

41.    Plaintiff also believes she was treated differently than similarly situated male employees regarding the terms and conditions of her employment and denied selection to supervisory positions because of her gender, female.

42.    Plaintiff has suffered severe emotional distress, embarrassment, and

humiliation as a result of the harassment and Defendant's conduct.

43.    Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## FIRST CAUSE OF ACTION: SEX DISCRIMINATION PURSUANT TO TITLE VII

44.    Plaintiff re-alleges and incorporates by reference paragraph 1-43 above with the same force and effect as if fully set out in specific detail hereinbelow.

45.    Plaintiff brings this claim for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991.

46.    Plaintiff is a female.

47.    Based on the totality of the facts presented above in paragraphs 1-43, Plaintiff has been discriminated against because of her sex in her denial of promotions while employed with Defendant. These facts include, but are not limited to, said promotions/vacancies given to males and evidence of preferential treatment given to male employees/candidates as set out above in paragraphs 1-43.

48.    Defendant's proffered reasons for the denial of promotions were pretext for sex discrimination.

49.    As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

50.    Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

10

51.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## SECOND CAUSE OF ACTION: AGE DISCRIMINATION PURSUANT TO AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

52.     Plaintiff re-alleges and incorporates by reference paragraph 1-43 above with the same force and effect as if fully set out in specific detail hereinbelow.

53.     Plaintiff brings this claim for age discrimination pursuant to The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

54.     Plaintiff is fifty-six (56) years old.

55.     Based on the totality of the facts presented above in paragraphs 1-43, Plaintiff has been discriminated against because of her age in denial of promotions by Defendant.  These facts include, but are not limited to, said promotions/vacancies given to younger employees/candidates with less experience and qualifications than Plaintiff, and evidence of preferential treatment given to younger employees/candidates as set out above in paragraphs 1-43.

56.     Defendant's proffered reasons for non-selection of Plaintiff were pretext for age discrimination.

57.    As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

58.    Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

59.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### THIRD CAUSE OF ACTION: RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

60.    Plaintiff re-alleges and incorporates by reference paragraph 1-43 above with the same force and effect as if fully set out in specific detail hereinbelow.

61.    Plaintiff engaged in protected activity by reporting her concerns of discrimination to her supervisor and to HR.

62.    Plaintiff continued to be denied promotional opportunities because of her complaints of discrimination.

63.    Plaintiff filed an EEOC Charge of discrimination and retaliation on or about May 12, 2021.  After filing her Charge, Plaintiff continued to be denied promotional opportunities because of her complaints of discrimination and her EEOC Charge.

12

64.    Defendant's actions, which happened within days and weeks of Plaintiff's complaints of discrimination are/were causally related to Plaintiff's protected activity.

65.    Defendant's reason(s) for not selecting Plaintiff for the available promotions/vacancies was/were pretext for retaliation.

66.    As a result of this discriminatory and retaliatory treatment, Plaintiff suffered damages in the form of lost wages and benefits, emotional distress, and other compensatory damages. Plaintiff was also forced to leave her employment and seek a job with another employer.

67.    Defendant engaged in the retaliatory practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

68.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2.      Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by the ADEA, 29 U.S.C. §621 *et seq.*

3.      Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and/or the ADEA, 29 U.S.C. §621 *et seq.*

4.      Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her instatement to any and all jobs discriminatorily and/or retaliatorily denied and/or front-pay, back-pay, interest, punitive, compensatory, liquidated damages and/or nominal damages.

5.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

Respectfully submitted,

Lacey K. Danley
Candis A. McGowan
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
      FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL
TRIABLE ISSUES.

OF COUNSEL

**DEFENDANT'S ADDRESS TO BE SERVED**
**VIA CERTIFIED MAIL:**

North American Lighting, Inc.
c/o Registered Agent, CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104